Joseph A. Suozzi, J.
The petitioner herein seeks by an article 78 (CPLR) proceeding to obtain public assistance from the respondent Nassau County Department of Social Services, which has denied that assistance for 30 days on the ground that petitioner is “ a person who * * * without good cause * * * refuse [d] to accept referral to and work in employment ” (emphasis supplied), and therefore is “disqualified from receiving assistance for 30 days thereafter and until such time as he is willing to comply with the requirements of this Part” (18 NYCRR 385.7[a][2][i]).
The refusal to accept employment is not willful if evidence shows that “ the place of employment was an unreasonable distance from the applicant or recipient’s home or “ transportation by public carrier or by private means between the applicant or recipient’s home and the place of employment was unavailable” (18 NYCRR 385.6[c][6] and [7]).
The Assistant to the Commissioner of the Social Services Department states in his affidavit in opposition to the petition that the petitioner requested assistance from their Freeport office and was sent to the State Employment Service in Free-port. There petitioner was offered a position in Lynbrook, which he concededly refused. The employment interviewer marked the record ‘ ‘ Applicant states that he cannot go on a referral to Lynbrook due to no carfare.” The respondent characterizes this refusal to go to Lynbrook ‘ ‘ due to no carfare ’ ’ as “ substantial evidence of the applicant’s lack of cooperation.”
The uncontroverted facts in the petition show that this petitioner and his wife have worked steadily until recently. Neither of them have ever applied for public assistance before. Respondent’s records presumably show that fact. Respondent’s characterization of the petitioner as “uncooperative” would be more appropriate if the applicant were more familiar with the maze of welfare rules. In the absence of respondent’s claim to the contrary, it is reasonable to presume that the petitioner was not informed that his refusal would result in a 30-day denial of assistance, or that emergency assistance for his transportation needs was available to him. One simple sentence — “ You will lose your right to assistance for 30 dgys if you willfully refuse a job; why don’t you borrow the carfare?”— would have saved four affidavits, an answer, a petition and an order to show cause; let alone the appearance in court of two attorneys to argue this proceeding.
On the basis of this petitioner’s inability to pay for transportation, and in view of the walking distance to Lynbrook, *745 the respondent’s determination that this petitioner was not co-operative cannot be sustained and the court concludes that his refusal was not willful. Respondent cannot now assert that the petitioner should have borrowed carfare, when it failed to give him the slightest indication of the consequences of his innocent and reasonable act and failed also to advise him of the availability of emergency assistance to cover his transportation needs.
The court understands from the attorneys who argued this proceeding that the fair hearing procedure would in all likelihood result in a determination after the 30 days of assistance denial had elapsed. Therefore that administrative remedy is not available to the petitioner to right this denial of assistance. In any event,, the petition raises questions which are answered by this court as a matter of law, not fact. (See Matter of Bianchi v. McCoy, 32 A D 2d 871, affd. 26 N Y 2d 770.)
Accordingly, the petition to vacate respondent’s denial of petitioner’s application for public assistance on February 13, 1973 is granted, and respondent is directed to issue a temporary preinvestigation grant pursuant to section 133 of the Social Services Law.